You may proceed. Thank you, your honor. Your honors, I'm David Eisenberg. I've been appointed to represent Mr. Hooks on this appeal. May it please the court. We are here, and in the course of my remarks, I hope to cover the issue that is raised in the court's notification concerning jurisdiction. I'm going to start with the statute that got this case into district court in the first place on resentencing. That's section 3582C of the statute. That has to do with a resentencing following the amendment of a guideline, which is, of course, what happened here, amendment 706. The statute tells the district court a couple of things, and that is what is going to lead me into the argument about jurisdiction. The first thing it tells the court is, when you consider the new guideline computation, go back and also take a look at section 3553A and those various factors there. What that means is that if there is an analysis, or rather an inadequate analysis of those factors, jurisdiction is going to be created in the court of appeals, because we can tell from section 3742 that one of the basis for appeal is a violation of law. The second argument to this jurisdictional issue, and I should say parenthetically, is that jurisdiction is going to be created in the court of appeals. That did not occur by the district court. That is to say, when the district court recalculated the guidelines for this crack amendment situation, the court did not, as far as I can tell from the record, consider the 3553A factors. Well, we don't really know what the court considered, because it's not a standard resentencing. You don't have the ordinary record that is done in the course of the resentencing. But when you look, in fact, at what the court did, I mean, this court, the same district court, made the original, or imposed the original sentence in light of the amendment to the guidelines made retroactive. The court exercised its discretion and modified the sentence. The modified sentence is eerily parallel to the first sentence. Basically, it's the high end of the guideline both times. But if the district court properly imposed sentence the first time, is there any reason to infer from these facts that the district court didn't properly impose sentence or consider whatever was on the table the second time? Well, I think on this record, Your Honor, there is reason to be concerned. And that is because, as the court pointed out, the first sentence was the maximum available under the guidelines. Along comes the re-casted sentence. And it, too, is the maximum under the guidelines. What that would tell me is that the second time around, there wasn't much information or deference given to the 3553A factors, such as, do we still need this kind of deterrence for this kind of defendant? Is this defendant still the issue or the problem to the community that he may have been back in, I think it was 1997 or 98 when he was originally sentenced? My answer to that is it can't possibly be the same because he's been in jail or prison for that period of time. Well, when you sentence somebody for over 20 years, you know, they're going to spend over 20 years in prison. The fact that he spent 10 of those years in prison really doesn't change anything else, does it? I mean, you can have a good record or a bad record, but if re-sentencing is because of a retroactive application of an amendment requires a full re-sentencing every time, that was only going to discourage district courts from exercising the discretion to recognize the amendment. Well, with due respect, Your Honor, I don't think it requires full re-sentencing, but it does require a review of 3553A. That's a given. And I don't see how one can make the inference here that that did occur. Part of the concern that I would have is that you can't tell on the basis of the chart, which is part of the excerpt of record, just exactly what happened here. The chart is on page 50 of the excerpt of record, and what it is is, with all due respect to whoever fashioned this, a fill-in-the-blank type situation. Yet, interestingly enough, on this chart, there were blanks that could have addressed those issues, including the ones that were raised by defense counsel in his motion to have this re-sentencing take place. For example, Roman numeral 2 and Roman numeral 3 both give the court the opportunity to make additional comments or other statements concerning how that sentence was reached. And if I may pass on, Your Honor, to something else that I think is relevant to this, and it does get to the issue of jurisdiction of this court. Along comes Gall well after Section 3582C comes out. And what Gall tells the court and what Cardee has told us as practitioners is we now have certain obligations that district court must follow when it does sentencing. I don't see that Gall has any different impact on a re-sentencing involving a reconstituted guideline range. And that is because if one looks at Gall, what Gall is attempting to establish is an appellate, an assurance in the appellate court that there was no failure in two areas, failure to consider those factors in 3553A, and secondly, a failure to adequately consider those factors in 3553B. And that is a failure to adequately explain the sentence. So my argument is that really simply applies now in this situation just the way that it will apply and has applied for the last couple of years in an original sentence. So I'll go back to that. Counsel, counsel may I just ask, are you suggesting that the district court judge needs to tick off every factor, needs to consider every factor? No, Your Honor, I don't. My experience in district court is that when this issue is handled at sentencing, the court will say I have considered the sentencing guidelines, I have considered the pre-sentence report, I have considered the argument of counsel, I have considered the submissions of counsel, and perhaps other things. And I can tell from the circuit's decisions that in a guideline, in a decision that comes within the guidelines, that that is more or less adequate in most cases. But I can't tell that that's what's actually happened here. And if there's a failure to adequately explain the sentence, which is the other part of Gaul, one can't really tell that that has taken place. And part of this construct here is that sentencing has gotten away from the guidelines because it wasn't individualized. And the Congress, or rather the Supreme Court, wanted to give back to judges more of the opportunity to fashion an individual sentence. And I think that's probably true here with an amended sentence as well. Yet... Reiterate why the sentence might be increased. Is that something to consider? Yes, Your Honor. I wouldn't mind that that had happened because there may... Well, there's of course... I might not have been very happy if that had happened. That's true. There may have been a risk with that. But at least I would know originally on the amended sentence what the district court was thinking so that I would have the opportunity as his defense counsel to say to this court, I think that that analysis is wrong and unfair or whatever violation of the constitutional right. But I have nothing to argue except the basic argument that there's nothing here for me to base my argument on. And yet I'm entitled to have enough of a record made so that I can review it for its sufficiency. And as I think it's Cardi says, there must be enough in a sentence for there to be meaningful appellate review. And one of those things is, have the parties' arguments been heard? Have the reasons been stated in open court for that sentence that's under another section of 3553, that's C? Well, we weren't heard. I think we were heard because I'm sure the judge considered the motion and obviously the reply. There's no doubt that that would have happened. But there was no opportunity to have oral argument. And when I look at Rule 32, which is the rule for sentencing in district court for original sentences, it does allow for allocution, if you will, before court. Again, I go back and look at this chart, and I'm wondering, I don't know how it got made up, and it's probably not really anything that is my business because it looks like it's a court function. But yet my sense from looking at this and the docket is I can see there was no oral argument in this case with respect to the resentencing, and I think we're getting further and further away from what sentencing ought to be. I would ask you, Counselor, if the sentencing court merely says, I've considered these factors and I've reached this conclusion, do you think the district court has to give reasons why she didn't, he or she did not? I would go back to the other cases that I have read from this district, and depending upon how that is fashioned, the answer would be probably not, Your Honor, if it were done sufficiently. You say I've considered it. Yeah. Well, Your Honor, I know I wouldn't be happy with that as a defense counsel, and particularly after reading Mr. Carpenter's, the attorney who represented Mr. Hooks' brief. But whether or not you're happy, Counsel, we wouldn't have jurisdiction to review for abuse of discretion. That we can't do anymore. We can only review, we only have the jurisdiction to review whether or not he gave adequate reasons, but we cannot review abuse for abuse of discretion. Your Honor, that brings me back, though, to the two things that this court is required to review for. They're under that heading procedural. That is, were the 3553A factors considered? That's one of them. And just simply saying I have considered the arguments of counsel might take that into account. It might not. And you'd really have to look at the record because every case is individual. And I don't mean to say that I'm happy or not. That, of course, is irrelevant to the issue. And that does bring me to my final point, which is that under individualized sentencing, there is a requirement, I believe, that not only must the sentence be adequately explained, but that if we're just going to recalculate the constitute rather, the guideline, and see how that comes out and say here's the maximum of the reconstituted guideline, I'm almost left with the conclusion in this case that the guideline was treated as mandatory. And we can't have that under Gaul and its progeny in this court. Your Honor, I don't know how much time I have left. We're actually in deficit spending, but so is the government. So we'll hear from the government. Thank you. Good morning, Your Honor. Howard Skeneck on behalf of the United States. May it please the Court. The district court in this case did not abuse its discretion. The sentence that the district court gave, I need not remind the Court, was 52 months, less than the sentence the defendant originally had. So the district court clearly considered the defendant's request, a request that is discretionary and within discretion of the Court, and gave the defendant a great deal of relief. But yet the defendant wants more. And that goes... Did that happen, or is it just that they got a report from the vacant officer and said, just follow through with that? No, Your Honor. I think that because it was briefed by both the government and the defendant extensively, and that the district court then got an amended PSR, which reminded the court not only of aggravating factors, but also new mitigating factors that were addressed by the defendant. I'll call it the amended PSR, the APSR, because it's the second PSR in this, gave the court additional guidance as to how it would issue its sentence. And I remind the Court, although the Court has seen it, that the amended pre-sentence report recommended to the district court judge that the defendant be sentenced to the maximum of the applicable amended guideline range. So the Court did have a lot of information at its disposal to decide this particular sentencing. And not only that, as the Court has previously said to my opponent, it was consistent with the district court's findings after hearing the defendant's trial and sentencing the defendant. I do wish to point to the document, because that is the issue. And it's in the excerpt of the record, page 50. And there's one thing that shows that the district court does have an understanding of 3553A obligations, and that's because the order regarding the motion for sentence reduction is pursuant to 18 U.S.C. 3582C2. And explicit in 3582C2 is the provision that the district court consider 3553A. Also, Your Honors, I'd like to point you to the bottom of the particular document, where the Court states, except as provided above, all provisions of the judgment dated September 29, 1997, shall remain in effect. Thus showing that the Court did consider its previous order, the circumstances of the defendant, and gave a great deal of thought under 3582C2 and 3553A in resentencing the defendant. And once again, I do submit that the defendant received a great deal of relief. Now, regarding that, and the Court's question specifically to both counsels regarding a discussion about jurisdiction, we didn't raise an argument regarding jurisdiction. And I believe because of the expansiveness of CARTI, we believe that low was subsumed inside CARTI. Well, Colson made that clear that that's not the case. Of course, we didn't make that argument, but the Court never ---- Colson's new meaning to not a record. So what do you think Colson stands for? Well, Colson stands for, as bluntly as possible, in 3582 resentencings, if the Court has considered 3553A and there's nothing more, then the Court doesn't have jurisdiction. So relating to this case ---- Colson is so terse as to be decipherable. CARTI sets up a couple of different kinds of examinations for procedural regularity and for substance. And one possibility that occurred to me is that Colson may say, look, you just can't get to the substantive reasonableness of the sentence. We're not going to revisit all those issues. But I wonder, does it preclude a challenge to the legality or to following proper procedures? No. And it would not. If this, like the Ayala case, there's Lowe and there's Colson, then there's Ayala. Ayala is glaring. Lowe gives us the best direction. Lowe says, provided that 3553A factors are considered, then we don't review for an abuse of discretion. So if this Court believes that it has a colorable claim, although we believe not a winnable claim, before that 3553A factors were not properly considered, then that's a procedural issue on the part of the district court. And then, indeed, this Court would have jurisdiction pursuant to ---- So you agree that part we can entertain. Colson doesn't close the door to that kind of procedure. That's a legal argument. No. And going back to the legal argument, Your Honor, we ---- I hate to beat a dead horse because I beat the dead horse in the brief. But Cardee makes it clear that the record as a whole can reflect an adequate explanation of everything that went on. And we've got a huge record in this case. We've got a judge who's heard the trial. We've got a judge that presided over the sentencing. If you read the entire record of the sentencing that I submitted, the sentencing went in fits and starts and almost assumed an entire day for the court. And the court came up with the conclusion that Mr. Hooks, based on the offense conduct alone, the 3553A factor, deserved the maximum term of imprisonment. We know that the court received a huge pre-sentence investigation report at the original sentencing. We know that there was three briefs, three pleadings filed, one from the government and two from the defendant asking for relief under 3582C where everything was brought out. We know that the court considered an amended pre-sentence report prior to issuing its sentence. And then we know that the court granted the defendant an extensive amount of relief, therefore, blying any claim that the court didn't consider the defendant's requests. Well, let me change this. Sure. Because it doesn't apply to this case, but sometimes we have to articulate rules for decision. Here we have the advantage of it being the same district court before and after. That's not always going to be the case. And what rule would you suggest for our court to deal with circumstances where the district judge is a different district judge than imposed the original sentence and you don't have all those things you just piled up to say, well, in this case, we can be confident the court knew what it was dealing with. Okay. Well, if I were king, Judge. You've got king right here. Okay. You are king. Then I am speaking to the kings. You know, it would depend on the record made and then it would depend on the pleadings that were brought before the next district court judge. If the pleadings were substantial and related back, as my opponent and I have done, to bring forth to the court all the matters that occurred in the previous sentencing and if the PSR was complete, I believe that it wouldn't be my preference to have this form, but the defendant is also not entitled to a full resentencing. He's not entitled to a hearing. And I think Mr. Eisenberg misspoke when he said that. He is not entitled to a hearing. He's entitled to consideration. And that's what they got from this district court judge. They got consideration. Now, to your point, it would depend on the record. If the pleadings were thin, if the district court didn't have a lot of information at the end of the road, then clearly under Carte, perhaps an adequate record in the totality of circumstances was not made. Why is the court to use a form different than the standard form used in page 50 here? Judge, we didn't even know this form existed until we got it. And so the courts try to find its own shortcuts, and sometimes the shortcuts work and sometimes. It appears in the upper left-hand corner that this was created by the district court. Well, isn't the difference whether the probation office has considered all these matters or whether the judge has considered all these matters? The probation office figures all these matters and comes up with a recommendation and the judge finds it and goes on to the next case.  Clearly, the district court doesn't just rely on the recommendation of the pre-sentence writer. Otherwise, the pre-sentence writer wouldn't be sitting in what I call the hot seat. If he had already sentenced this particular defendant. Yes. And it came back because of the pre-report saying they could change it if they wanted to. Yes.  Well, I can say, well, I've considered all these things that I could have considered. Well, and I. And considered now, which I couldn't have considered before. And I still reach the same result or I reach a little different result. Yeah, and I. I'm not explaining why. And I disagree somewhat because you do have a consideration given. I mean, had she simply denied the defendant's motion and issued this particular document, perhaps that would be a more colorful argument. But what you have is a district court that gave a huge amount of relief to the defendant, 52 months, based on the defendant's motion, based on the pre-sentence writer's recommendation, and also in the pre-sentence writer's recommendation, which we have to assume the court. Well, it doesn't make the defendant very happy because he's appealed. It doesn't make the defendant very happy. But the bottom line is that the defendant is not eligible. I mean, he's eligible, but he's not entitled to any of this. Had the district court simply said, I considered everything, and said, no way, the defendant would still have his original sentence, and that would be the end of it. 3582C2 is not mandatory. It's discretionary on the part of the court. Not being appealed. Depending, again, whether or not it's an abuse of discretion argument or a colorable claim of procedural error. Does that answer your question? We thank you. We thank both counsel for the very helpful arguments and for the refreshingly succinct brief. Well, you've used this time, but if you have another. I'm sorry. Do you have something to add? No. I was just going to ask how we heard from both counsel, and he's used his time. He's used his time. Well, let's invite you back for a minute anyway. This is a difficult case, and both counsel have been very helpful so far, and so maybe the help continues. Hopefully it does, Your Honor. With all due respect to my colleague, Breeding pleadings is an assumption, but we'll make that. Having been present at the trial as the trial judge, of course that's true. Breeding the PSR, I'm sure that happened, as well as the amended PSR. But the problem is one can't tell from what's happened here whether the judge has actually considered the statute of 3553A. We're prepared to make an awful lot of leaps of faith, and it would have been a lot easier, of course, if there was something on the record that showed that the judge had done that. Now, I submit Mr. Sekenek is being awfully charitable by saying the judge was very nice to Mr. Hooks in reducing his sentence to 210 months, not to go back to an approach that I had taken before, but I guess it will, wouldn't have been better if he had 168 months. And yet that was the low end of the guideline range. Why didn't he get 168 months? Particularly in view of what the amended PSR says concerning his behavior, or lack thereof, in prison. I could submit that his behavior in prison has been pretty exemplary. He's done an awful lot of good things. And yet somehow this whole pattern, this whole rubric, this whole who is Hooks, really doesn't seem to have gotten lost in the process. Thank you. Thank you. The case just argued is submitted. And we will move to the final case on this morning's argument calendar. Quest v. Arizona Corporation Commission.
judges: Nelson D. W., Clifton, King